***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES E. REDDISH, | : | |
| | : | Civil Action No. 12-3662 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BURLINGTON TWP. POLICE DEP'T, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

**CHARLES E. REDDISH,** Plaintiff pro se
#000932598A
New Jersey State Prison
P.O. BOX 861
Trenton, New Jersey 08625

**KUGLER**, District Judge

      Plaintiff Charles E. Reddish ("Plaintiff") seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

      At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

**I. BACKGROUND**

Plaintiff, incarcerated at New Jersey State Prison in Trenton, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Burlington Township Police Department; Chief Lloyd Nippons; Patrolman Matthew Edinger; Detective Conrad Davenport; DSG Timothy Richardson; Burlington County Prosecutor's Office; Captain Scott Fitzpatrick; DSG Gerald Nachurski; Assistant Prosecutor James Ronca; Detective Annette Holba, Assistant Prosecutor James Gerrow; Detective Frederick D'Ascentis; Cherry Hill Township Police Department; Detective John Long; Camden County Prosecutor's Office; and Assistant Prosecutor Mary Alison Albright. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Though his complaint contains many facts and a substantial amount of excerpts from state court transcripts, Plaintiff does not provide a clear outline of the events and timeline providing the basis for his constitutional claims. To the best of the Court's knowledge, it appears that Plaintiff's claims stem from his state court prosecution and convictions for the deaths of two women. Plaintiff filed a previous § 1983 complaint based on the state investigation and prosecution for the death of Rebecca Wertz, Plaintiff's girlfriend at the time. *See Reddish v. Burlington Township Police Department*, Civil Action No. 02-4757 (RBK). In its screening of that complaint, this Court summarized the facts as follows:

> On October 6, 1995, he was involved in a dispute with his girlfriend which resulted in her death. Police who arrived on the scene arrested him and placed him in a parked police car. He asserts that police interrogated him while he was in the car, transported him to the Burlington Township Police Department, and charged him with homicide. He states that police did not take him before a municipal judge, which was the "usual practice." Instead, they took him to the Burlington County

2

> Prosecutor's Office. He alleges that he invoked his rights to remain silent and to be represented by an attorney before being questioned.
>
> Reddish asserts that, a few hours later, a detective from the Prosecutor's Office told him that his girlfriend's body would remain at the scene for awhile because Reddish had not cooperated with the investigation. Reddish indicates that he then made a statement to law enforcement officials, which the trial court later admitted into evidence at his Burlington County trial. He contends that law enforcement officials coerced him into making the statement by telling him that the victim's body would not be promptly removed from the scene since he had not cooperated.
>
> Reddish further asserts that on October 11, 1995, a Burlington County detective arrested him for another murder and turned him over to Cherry Hill Township police for questioning. Plaintiff contends that Burlington and Cherry Hill officers conspired to improperly obtain a second statement. He alleges that they knew he had a history of mental illness and they chose to interrogate him on the day of his girlfriend's funeral in order to coerce a statement.
>
> Reddish alleges that on October 13, 1995, the Burlington County court conducted a civil commitment hearing and transferred him to the New Jersey State Psychiatric Hospital. He argues that the statute of limitations on his civil rights claims should be tolled because he was hospitalized from October 13, 1995, until November 14, 1995, "as a direct result of the wrongful techniques used to interrogate [him]."
>
> Reddish asserts that law enforcement officials violated his constitutional rights and that the local government entities are liable for violation of his rights as employers of the wrongdoers.

(*Id.* at Docket Entry No. 6.)

It appears that Plaintiff's claims in the instant complaint are substantially similar to those brought in his first complaint, with the addition of Jennifer Wertz as a plaintiff in the instant action. Plaintiff alleges several violations of the constitutional rights of Jennifer Wertz, purportedly on her behalf. Jennifer Wertz is the daughter of Rebecca Wertz. Though it is not clear, it appears that Plaintiff is seeking monetary relief.

3

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

At the outset, the Court notes that the 193-page complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Rather, it is an extremely

lengthy document, which while containing many facts, it remains unclear as to exactly what claims Plaintiff is alleging.

To the extent Plaintiff is attempting to raise claims on behalf of Jennifer Wertz, he has not alleged any facts suggesting that he has standing to do so. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (explaining that to stand in for another as plaintiff, the purported plaintiff must among other things provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action). As such, all claims purportedly raised on behalf of Jennifer Wertz are dismissed.

Further, to the extent Plaintiff is alleging claims for a conspiracy amongst the different defendants, that claim would also fail. In order to prevail on a conspiracy claim under §1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right. *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 245 (3d Cir.1999). In this case, Plaintiff does not allege the conspiracy claims with any specificity. Rather, he makes only conclusory, unsupported statements. Plaintiff also does not provide support for a conspiracy under §1985 as "the reach of section 1985(3) is limited to private conspiracies predicated on 'racial, or perhaps otherwise class based, invidiously discriminatory animus.'" *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Plaintiff fails to make anything other than conclusory allegations with regard to a § 1985 conspiracy. As such, any conspiracy claims are hereby dismissed.

If Plaintiff intended to also raise a malicious prosecution claim, that claim would also be dismissed. To prove malicious prosecution under section 1983, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the

defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir.2003)). Plaintiff has failed to allege, and seemingly cannot allege, that the criminal proceeding ended in his favor.

With regard to the prosecutor defendants, a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," including initiation of a prosecution and use of misleading or false testimony. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009). To the best the Court is able to discern, it appears that the claims against the prosecutor defendants all stem from acts that are associated with the criminal process and as such, said defendants would be absolutely immune from damages.

Finally, to the extent Plaintiff is attempting to raise any claims based on his denial of right to counsel, involuntary confession and *Miranda* rights, those claims are dismissed for the reasons outlined by this Court in its February 20, 2004 Opinion and Order entered in *Reddish v. Burlington Township Police Department*, Civil Action No. 02-4757 (RBK).

With regard to any state law claims Plaintiff intended to raise, those will also be dismissed. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental

7

jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir.1993).   In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### III.   CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).   However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[1]   An appropriate order follows.

Dated:   January 11, 2013

                                                     s/Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."   6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted).   An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.   *Id.*   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.   *Id.*